[Crim. No. 1669.   Second Appellate District, Division Two.—July 25, 1928.]

THE PEOPLE, Respondent, v. DOLORES R. VEJAR, Appellant.

MacDonald & Thompson for Appellant.

U. S. Webb, Attorney-General, and Waldamar Augustine for Respondent.

CRAIG, J.—The appellant was charged by information with robbery by force and fear, was convicted of robbery in the first degree, and his motion for a new trial having

been denied, appeals from the judgment and order denying said motion.

It is conceded that on or about November 19, 1926, appellant and two other men went to the home of one Nick Zitko, in the city of Los Angeles, and unlawfully obtained from the latter a diamond ring and forty-five dollars in money. The complaining witness testified that Vejar pointed a gun at him, forcibly removed from his finger a diamond ring worth four hundred dollars, and took from his pocket the money in controversy; that the defendant at the same time exhibited a police badge, demanded the witness' keys which were handed to the other men, both of whom left the room, but soon returned, and all three departed. Although Vejar testified that he was not armed, another witness Mrs. Gallagher, said that when the defendant appeared at her home next door to Zitko's, he inquired as to the latter's place of abode, and that she saw the handle and trigger of a revolver in defendant's back pocket on the right side. This evidence is sufficient to sustain the verdict. Appellant contends that the evidence proved him guilty of extortion and not of robbery. This claim is without merit. We need not detail the testimony conflicting with that above stated, since to do so would only involve this court weighing the evidence in order to substitute its judgment for that of the jury.

Also as to whether the prosecuting witness was successfully impeached is a question whose decision by the jury the superior court properly refused to disturb or permit to be made the basis for ordering a new trial. The jury apparently believed from all of the evidence that Vejar did not obtain the money and ring as claimed by him with the consent of his victim, and that the latter parted with them through fear of bodily injury. This being true, we cannot say as a matter of law that the judgment is not sufficiently supported by the evidence.

The only attempted showing of newly discovered evidence upon the motion for a new trial consisted of an affidavit wherein it was averred that before the trial Zitko had stated to his employer that police officers had discovered wine in his cellar, and that he had paid them money to avoid arrest. This would be corroborative merely of the testimony of the defendant, tending to impeach the prose-

cuting witness. It was not an abuse of discretion for the trial court to conclude that this was not of itself a sufficient ground for granting a new trial. (*People* v. *Staigers*, 92 Cal. App. 628 [268 Pac. 923].)

The judgment and order appealed from are affirmed.

Works, P. J., and Thompson, J., concurred.